FILED

2013 MAY 20 PM 1:35

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

VIRGINIA TAYLOR,

          Plaintiff,

v.

CROWLEY MARITIME CORPORATION, A
FOREIGN CORPORATION DOING BUSINESS
IN THE STATE OF FLORIDA,

          Defendant.
_____/

Case No.: 3:13-cv-577-J-32JRK

**VERIFIED
COMPLAINT AND DEMAND
FOR
TRIAL BY JURY**

## NATURE OF ACTION

Plaintiff, **VIRGINIA TAYLOR**, by and through her undersigned attorney, referred to as (the "**Plaintiff**" and or "**Ms. TAYLOR**") sues Defendant CROWLEY MARITIME CORPORATION, A FOREIGN CORPORATION DOING BUSINESS IN THE STATE OF FLORIDA ("**CROWLEY**" OR "**DEFENDANT**") and for damages in EXCESS of $ 50, 000 for violations of her civil rights occurring during her employment relationship with Defendant. The Plaintiff sues under Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. Section 2000e *et seq.* ("Title VII"), the Civil Rights Act of 1871, as amended, 42 U.S.C. Section 1981 ("Section 1981"), and the Florida Civil Rights Act of 1992, Section 760.01 *et seq.*, Florida Statutes ("FCRA").

## JURISDICTION AND VENUE

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337 and 1343. This action arises under 42 U.S.C. Sections 2000e *et seq.* and 42 U.S.C. Sections 1981 and 1981a. This Court has supplemental jurisdiction over Plaintiff Ms. Taylor's state law claims pursuant to 28 U.S.C. Section 1367.

2. Plaintiff exhausted her administrative remedies. Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). Thereafter, by letter dated _February 8, 2013, the EEOC issued Plaintiff a Notice of Right to Sue. Plaintiff initiated this action within ninety (90) days of receipt of the EEOC's Notice of Right to Sue. All conditions precedent to institution of this action by Plaintiff has been fulfilled.

3. Pursuant to 28 U.S.C. Section 1391, venue of this action is proper in the Northern District of Florida because all of the alleged unlawful acts complained of herein occurred in Jacksonville, Florida.

## PARTIES

4. At all times material hereto, Defendant continuously has been doing business in the State of Florida and the City Fort Lauderdale, and continuously has had at least 15 employees. At all times material hereto, Defendant continuously has been an employer engaged in an industry effecting commerce within the meaning of Title VII and the Florida Civil Rights Act. *See* 42 U.S.C. Section 2003 *et seq.*, and Section 760.02(7), Florida Statutes, and 29 U.S.C. Section 621-634, and the ADEA. The Plaintiff is a

natural person who born in Panama. At all times material hereto, Plaintiff was employed by Defendant.

## FACTUAL ALLEGATIONS

5. Defendant:

Its website reads:

"Crowley Maritime Corporation is a U.S.-owned and operated marine solutions, transportation and logistics company providing services in domestic and international markets through six operating lines of business: Puerto Rico/Caribbean liner services; Latin America liner services; logistics; marine contract solutions; deep sea petroleum transportation; and petroleum transportation, distribution and sales in Alaska. "

6. At all times material hereto, Plaintiff was employed by Defendant. Plaintiff was hired by the Defendant on **June 1, 1993**. At the time of her wrongful termination **January 27, 2012.**

That Plaintiff was subjected to disparate treatment based upon her national origin being from Panama, than her white comparators.

DISPARATE TREATMENT

That the Plaintiff was treated differently than her white comparators:

Jim Richter
Edye Hollender

**Jim Richter: (white male)**

In reference to the disparity in pay, the fact is that during the period from September 2010 to January 2012 Jim Richter and Plaintiff performed the same duties on a daily basis. They

chose to call him Analyst/exempt to justify the difference in salary. Plaintiff was a Specialist which is a lower salary grade and non-exempt.

Plaintiff was offered very limited training in the Pricing Department.

**Edye Hollender: (white female)**

Defendant claims that the position was eliminated when in fact it was transferred to the customer care department and the duties pertaining to this job were distributed among several customer service representatives. The job is now being performed by a group of people instead of one individual. This job was not eliminated; it was transferred.

Others white employees were treated differently than the Plaintiff.

## COUNT I
## DEFENDANT HAS VIOLATED THE FLORIDA CIVIL RIGHTS ACT
### (Disparate Treatment)
### Chapter 760 of Florida Statutes

7.   Plaintiff adopts and realleges paragraphs 1-6 above as if incorporated herein.

8.   Plaintiff is a member of a protected class because of her national origin.

9 .  The Defendant is an employer that employs over 500 people, and is subject to FCRA, Section 760.10, Florida Statutes, Chapter 760 states:

**It is against the law to discriminate in employment on the basis of race, color, religion, sex, national origin, age, handicap or marital status.**

10 . Plaintiff a member of a protected class because of her national origin . The Defendant is an employer that employs over 500 people, and is subject to Chapter 760 of the Florida Statutes. That Defendant violated the terms under the Chapter 760 of The Florida Statutes.

11. That the Plaintiff's termination was based upon her national origin she was treated with disparate treatment in the terms and conditions of her employment from being treated differently than other employees and was wrongfully terminated whereby other comparators were not.

12. That Plaintiff was paid less than her white comparators even though she was better qualified by seniority and experience her comparators co-workers who were promoted, and Plaintiff was discharged as a result because of her National origin.

13. The Plaintiff was not provided the same terms, conditions and privileges as her comparators.

14. The Defendant intentionally discriminated against Plaintiff.

15. The effect of the actions complained of as aforementioned has been to deprive the Plaintiff of equal employment opportunities, and otherwise to adversely affect her status as employee.

16. The unlawful employment practices complained of were intentional.

17. The unlawful employment practices against the Plaintiff was done with malice or reckless indifference to the Plaintiff's State protected rights.

18. As a direct and proximate result of Defendant's unlawful employment practices, the Plaintiff was emotionally harmed, suffered, and will continue to suffer, a loss of wages and other employment benefits, a loss of earning capacity, damages to her professional reputation, a loss of dignity, a loss of the enjoyment of life, embarrassment, humiliation, and other forms of mental anguish and distress.

Wherefore, Plaintiff requests this Court issue an order against Defendant awarding the Plaintiff compensatory damages, lost back pay, front pay, punitive damages, attorney's fees and costs, together with such other relief as this Court deems just and proper.

## COUNT II
## DEFENDANT HAS VIOLATED TITLE VII
## (Disparate Treatment) AND SECTION 1981

19. Plaintiff adopts and realleges paragraphs 1-6 above as if incorporated herein.

20. Plaintiff is a member of a protected class because of her national origin of being Panamanian..

21. The Defendant is an employer that employs over 500 people, and is subject to 42 U.S.C. Section 2000e et seq.

22. That the Plaintiff throughout her tenure with Defendant suffered disparate treatment in the terms and conditions of her employment.

23. That her white comparators were paid more, even though they had less experience and ability than the Plaintiff. The Plaintiff was not provided the same terms, conditions and privileges as her white

comparators. The Plaintiff was subjected to a disparate environment.

24. The Defendant has intentionally discriminated against Plaintiff in particular in violation of Title VII, 42 U.S.C. Section 2000e et seq. by disparate treatment of Plaintiff based upon her national origin and race.

25. The effect of the actions complained of as aforementioned has been to deprive the Plaintiff of equal employment opportunities, and otherwise to adversely affect his status as employee because of her race and national origin.

26. The unlawful employment practices complained of were intentional.

27. The unlawful employment practices against the Plaintiff were done with malice or reckless indifference to the Plaintiff's federally protected rights.

28. As a direct and proximate result of Defendant's unlawful employment practices, the Plaintiff was emotionally harmed, suffered, and will continue to suffer, a loss of wages and other employment benefits, a loss of earning capacity, damages to her professional reputation, a loss of dignity, a loss of the enjoyment of life, embarrassment, humiliation, and other forms of mental anguish and distress.

Wherefore, Plaintiff requests this Court issue an order against Defendant awarding the Plaintiff compensatory damages, Punitive Damages, lost back pay, front pay, attorney's fees and costs, together with such other relief as this Court deems just and proper.

## COUNT III

## PLAINTIFF'S CLAIM OF RETALIATION IN VIOLATION OF TITLE VII AND FCRA

29. Plaintiff adopts and realleges paragraphs 1-6 above as if incorporated herein.

30. That the Defendant retaliated against the Plaintiff as described in paragraph 1-6.

31. Defendant took adverse employment action against Plaintiff as described above Paragraphs because of her complaints of discrimination.

32. Defendant's adverse action against Plaintiff was in violation of Title VII provisions and FCRA Statutes.

33. Defendant's adverse employment action was intentional, and with malice or reckless indifference to the federally and state protected rights of Plaintiff.

34. As a direct and proximate result of Defendant's unlawful employment practices and in violation, Plaintiff was emotionally harmed, suffered, and will continue to suffer, a loss of wages and other employment benefits, a loss of earning capacity, damages to their professional reputation, a loss of dignity, a loss of the enjoyment of life, embarrassment, humiliation, and other forms of mental anguish and distress.

Wherefore, Plaintiff requests this Court issue an order against Defendant awarding the Plaintiff compensatory damages, Punitive Damages, lost back pay,

position and/or front pay equivalent position, attorney's fees and costs, together with such other relief as this Court deems just and proper.

Dated May 13, 2103

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), and FCRA, the Plaintiff hereby demands a trial by jury on all issues triable of rights by a jury.

## VERIFICATION OF DOCUMENT

UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING
VERIFIED COMPLAINT TO THE
AND THAT THE FACTS STATED ARE TRUE AND CORRECT.

_____
Plaintiff/Signature

                         Respectfully submitted,

                         ROMANO LAW CENTER, P.A.
                         2255 Glades Road, Suite 324A
                         Boca Raton, Florida 33431
                         (561) 271-1769 tel.
                         (561) 299-3892 fax.

                         By:  /s/ Jay F. Romano
                              Jay F. Romano
                              Trial Attorney
                              Florida Bar No.: 0934097

practices and in violation, Plaintiff was emotionally harmed, suffered, and will continue to suffer, a loss of wages and other employment benefits, a loss of earning capacity, damages to their professional reputation, a loss of dignity, a loss of the enjoyment of life, embarrassment, humiliation, and other forms of mental anguish and distress.

Wherefore, Plaintiff requests this Court issue an order against Defendant awarding the Plaintiff compensatory damages, Punitive Damages, lost back pay, position and/or front pay equivalent position, attorney's fees and costs, together with such other relief as this Court deems just and proper.

Dated May 13, 2103

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), and FCRA, the Plaintiff hereby demands a trial by jury on all issues triable of rights by a jury.

## VERIFICATION OF DOCUMENT

UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING
VERIFIED COMPLAINT TO THE
AND THAT THE FACTS STATED ARE TRUE AND CORRECT.

_Virginia M. Taylor_
Plaintiff/Signature

Respectfully submitted,

ROMANO LAW CENTER, P.A.
2255 Glades Road, Suite 324A